# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HOWARD JOHNSON INTERNATIONAL, INC.**, a Delaware Corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>**VIRK NB LTD**, an Ohio Limited Liability Company; **RAGHBIR VIRK**, an individual; and **AMARJIT VIRK**, an individual,<br><br>*Defendants*. | **Civil Action No. 18-10966**<br><br>**ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Howard Johnson International, Inc.'s ("Howard Johnson") unopposed application for an entry of default judgment[1] pursuant to Federal Rule of Civil Procedure 55(b), ECF No. 11, against Defendants Virk NB LTD ("Virk NB"), Raghbir Virk ("R. Virk"), and Amarjit Virk ("A. Virk" or, together with Virk NB and R. Virk, "Defendants");

and it appearing that the pending claims arise out of a breach of a franchise agreement between Howard Johnson and Virk NB, see Compl. ¶¶ 10–40;

and it appearing that on or about July 1, 2015, Howard Johnson entered into a franchise agreement (the "Agreement") with Virk NB for the operation of a Howard Johnson guest lodging facility in Sandusky, Ohio, id. ¶ 10;

and it appearing that the Agreement provided, among other things, that Virk NB was obligated to operate the Howard Johnson facility for a fifteen-year term, make certain periodic

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

1

payments to Howard Johnson, submit periodic financial reports to Howard Johnson, and maintain accurate financial records, id. ¶¶ 11–21;

and it appearing that the Agreement's termination provision allowed Howard Johnson to terminate with notice for various reasons, including Virk NB's failure to pay amounts owed to Howard Johnson under the Agreement, id. ¶ 22;

and it appearing that, in the event of termination, Virk NB would pay liquidated damages to Howard Johnson in accordance with a formula specified in the Agreement and that the prevailing party in any action to enforce the Agreement's terms would be entitled to costs and expenses, including reasonable attorney's fees, id. ¶¶ 23–24;

and it appearing that R. Virk and A. Virk provided Howard Johnson with a personal guaranty (the "Guaranty") of Virk NB's obligations under the Agreement, id. ¶ 25;

and it appearing that on or about June 9, 2015, Virk NB made, and R. Virk and A. Virk co-made, an initial fee note (the "Note") in the amount of $10,000, id. ¶ 28;

and it appearing that, pursuant to the terms of the Note, if termination of the Agreement occurred for any reason, or if Virk NB defaulted under the Agreement and failed to cure within the time permitted, the outstanding principal balance would be immediately due and if not paid within ten days, the outstanding principal balance would "bear simple interest at a rate of the lesser of eighteen percent (18%) per annum or the highest rate allowed by applicable law," and Howard Johnson would be entitled to collect reasonable attorneys fees and costs of collection, id. ¶¶ 29–32;

and it appearing that by letter dated February 3, 2017, Howard Johnson advised Virk NB that it was in default under the Agreement and had thirty days to cure because, among other things, Virk NB had closed its facility without Howard Johnson's consent, id. ¶¶ 33–34;

and it appearing that by letter dated June 8, 2017, Howard Johnson advised Virk NB that it was in breach of the Agreement because it owed approximately $54,356.27 in outstanding recurring fees and advised Virk NB that it had ten days within which to cure this monetary default, id. ¶ 35;

and it appearing that by letter dated July 6, 2017, Howard Johnson advised Virk NB that it remained in breach of the Agreement because it owed approximately $58,223.76 in outstanding recurring fees and had not cured the operational defaults outlined in the February 3, 2017 letter, id. ¶ 36;

and it appearing that by letter dated September 1, 2017, Howard Johnson advised Virk NB that it remained in breach of the Agreement because it owed approximately $62,286.40 in outstanding recurring fees and had not cured the operational defaults outlined in the February 3, 2017 and July 6, 2017 letters, id. ¶ 37;

and it appearing that by letter dated October 18, 2017, Howard Johnson advised Virk NB that its facility received a failing score on a quality assurance inspection and that Virk NB was thus in default under the Agreement and had forty-five days within which to cure, id. ¶ 38;

and it appearing that by letter dated December 1, 2017, Howard Johnson advised Virk NB that it remained in breach of the Agreement because it owed approximately $76,820.44 in outstanding recurring fees and had failed to cure the operational defaults outlined in the February 3, 2017, July 6, 2017, and September 1, 2017 letters, id. ¶ 39;

and it appearing that in each of the aforementioned letters from Howard Johnson to Virk NB, Howard Johnson advised Virk NB that the Agreement might be subject to termination if the default was not cured, id. ¶¶ 34–39;

and it appearing that by letter dated February 17, 2018, Howard Johnson terminated the Agreement and advised Virk NB that it was required to pay liquidated damages in the amount of $52,000 for premature termination pursuant to the Agreement, as well as all outstanding recurring fees through the date of termination id. ¶¶ 40;

and it appearing that on June 22, 2018, Plaintiff filed a Complaint against Defendants alleging breach of the Agreement, ECF No. 1;

and it appearing that Defendants have failed to answer the Complaint, but that A. Virk filed a letter dated September 9, 2018, acknowledging receipt of the summons and advising the Court that he lives in Canada and filed for bankruptcy under Canadian law in 2016, ECF No. 5;

and it appearing that Plaintiffs filed the instant Motion for Default Judgment seeking $156,184.42 comprised of: (1) $83,503.65 for recurring fees (principal plus prejudgment interest); (2) $59,127.92 in liquidated damages (principal plus prejudgment interest); and (3) $13,552.85 pursuant to the Note (balance of the Note plus prejudgment interest), ECF No. 11.4 at ¶¶ 34–45;

and it appearing that default judgment may only be entered against a properly-served defendant, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects service upon all Defendants, ECF Nos. 6, 7;

and it appearing that a district court must determine whether it has jurisdiction over the action and the parties before entering a default judgment, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that the Court has diversity jurisdiction over this matter because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy

4

exceeds $75,000, see Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015); Compl. ¶¶ 1-6;

and it appearing that, pursuant to Section 17 of the Agreement, Virk NB consented "to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey," Compl. ¶ 7;

and it appearing that, pursuant to the terms of the Guaranty, R. Virk. and A. Virk acknowledged that they were personally bound by Section 17 of the Agreement, id. ¶ 8;

and it appearing that, before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently pleads a cause of action and whether the plaintiff has proved damages, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);

and it appearing in order to establish a breach of contract claim under New Jersey law, a plaintiff must show that: (1) that the parties entered into a valid contract; (2) that the defendant failed to perform its contractual obligation; and (3) that the plaintiff suffered damages as a result of the breach, Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc., 737 F.3d 879, 900 (3d Cir. 2013);

and it appearing that Plaintiff sufficiently pled that Virk NB breached a contract by alleging that: (1) the parties entered into a Franchise Agreement; (2) Virk NB prematurely terminated the Agreement by ceasing to operate the Howard Johnson facility for a term of less than fifteen years in violation of the Agreement; and (3) Virk NB failed to pay recurring fees that were owed to Howard Johnson under the Agreement;

and it appearing that Plaintiff sufficiently pled that R. Virk and A. Virk breached a contract by alleging that: (1) they provided Howard Jonson with a personal guaranty for Virk NB's

5

obligations under the Agreement; (2) they failed to make any payments or perform or cause Virk NB to perform its obligations under the Agreement;

and it appearing that Plaintiff has demonstrated through the Affidavit of Suzanne Fenimore that Howard Johnson suffered damages in the amount of $156,184.42, inclusive of liquidated damages, recurring fees, the unpaid balance of the Note, and interest, ECF No. 11.4;

and it appearing that courts consider the following three factors in deciding whether to grant a default judgment: (1) "prejudice to the plaintiff if default is denied"; (2) "whether the defendant appears to have a litigable defense"; and (3) "whether defendant's delay is due to culpable conduct," Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014);

and it appearing that Plaintiff would suffer prejudice if the Court denied default because denial would further delay compensating Plaintiff for the damages suffered from the breach;

and it appearing that, based on the facts alleged in the Complaint, Defendants do not appear to have a litigable defense, but that A. Virk has subsequently stated that he is not associated with Virk NB, ECF No. 5;

and it appearing that the Third Circuit has found that "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard," Mrs. Ressler's Food Prods. v. KYZ Logistics LLC, 675 F. App'x 136, 142 (3d Cir. 2017);

and it appearing that Virk NB and R. Virk's failure to respond to the Complaint—which contains allegations of serious financial injuries—for approximately twelve months constitutes willful conduct and therefore satisfies the culpable conduct standard;

and it appearing that all three factors accordingly support the entry of default judgment as to Virk NB and R. Virk, but not as to A. Virk at this time;

6

**IT IS** on this 27th day of June, 2019;

**ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 11, is hereby **GRANTED** as to Virk NB LTD and Raghbir Virk, and **DENIED** as to Amarjit Virk; and it is further

**ORDERED** that judgment is hereby entered against Defendants Virk NB LTD and Raghbir Virk in the amount of $156,184.42, which represents $83,503.65 for recurring fees (principal plus prejudgment interest), $59,127.92 for liquidated damages (principal plus prejudgment interest), and $13,552.85 for the balance of the Note (balance plus prejudgment interest); and it is further

**ORDERED** that Amarjit Virk shall file a Motion to Vacate the Clerk's Entry of Default, ECF No. 9, within thirty days, explaining the grounds that give rise to good cause for such relief in accordance with Federal Rule of Civil Procedure 55(c).

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**